Mr. Edward Paul Kreiling City Attorney City of Miramar Post Office Box 3828 Miramar, Florida 33023
Dear Mr. Kreiling:
This is in response to your request for an opinion on substantially the following questions:
 1. IS THE MAYOR OF THE CITY OF MIRAMAR SUBJECT TO THE RECALL PROVISIONS OF s 100.361, F.S.?
 2. IF THE ANSWER TO THE FOREGOING QUESTION IS IN THE NEGATIVE, IS THERE ANY METHOD AVAILABLE FOR THE RECALL OF THE MAYOR?
Question One
Section 100.361, F.S., sets forth with particularity the uniform statewide recall procedures for removal from office of any member of the governing body of a municipality or charter county. See, ss100.361(1)-(3), 100.361(8) and 100.361(9), F.S. Specifically, in pertinent part, s 100.361(1), provides that `[a]ny member of thegoverning body of a municipality . . . may be removed from office by the electors of the municipality.' (e.s.) Pursuant to the above statutory language, it appears that the recall provisions of s100.361, are applicable only to a member of the governing body of, in this instance, a municipality and are not intended to encompass every category of elected municipal officials. Further confirmation of this construction of the statute is found in the title to Ch. 74-130, Laws of Florida, which sets forth the act's purpose, in pertinent part, as `authorizing and providing procedures for the recall of any member of the governing body of a municipality . . . by the municipal . . . electors . . . .' Seealso, AGO 076-232, in which it was opined that s 100.361 appears to be limited in scope to recall only of members of the governing body of a municipality (or charter county).
Based upon the above, it necessarily follows that the mayor at issue herein is subject to the recall provisions of s 100.361, F.S., only if he is a constitutent member of the governing body of the municipality at issue herein. In order to make the determination that the mayor is or is not a member of the governing body, careful analysis of the city charter becomes mandatory.
According to the city charter, the government of the City of Miramar is divided into two separate departments, legislative and executive, and no person belonging to one of the departments can lawfully exercise any powers appertaining to any other department except in cases expressly provided for by the charter. The legislative department of the government consists of the city commission, five members in number, duly elected by the qualified voters of the city. The executive department of the government consists of the mayor. See, s 12, Art. V, Miramar Code. The charter, in the same section of Art. V, supra, goes on to provide that `[t]he mayor shall be the chief executive officer of the city and shall supervise, control and direct all other officers of the city except commissioners, and shall be otherwise answerable to the citizens of the city for the conduct of the city affairs.'
According to s 17, Art. V, Miramar Code, all powers of the city (except such as are vested in the mayor and except as otherwise provided by the charter or the State Constitution) are vested in the city commission. The city commission, by ordinance or resolution, prescribes the manner in which any power of the city may be exercised. A majority of the members of the city commission constitutes a quorum. See, s 17, Art. V, supra.
The Mayor of the City of Miramar, according to s 21, Art. V, Miramar Code, has `no vote on any resolution or ordinance except in case there is an absence or disability of one councilman and a tie vote results among the remaining four (4) councilmen, but he shall have the power to veto any ordinance or resolution of the city council in which event such resolution or ordinance shall not become effective until passed over his veto by a four-fifths vote of the city council.' As `chief executive officer,' it is, among other things, the duty of the mayor to attend all meetings of the city council and to see that all provisions of the charter, ordinances, laws and rules of the city are complied with and enforced. The charter also provides that the mayor shall, from time to time, communicate in writing to the city council such information, and recommend such measures touching the public service and the best interests of the municipality as he may deem proper. He also has general supervision over all city affairs and officers, except councilmen, and may examine into the condition of their offices, books, records and papers and the manner of conducting their official business and shall perform such other duties as ordinances may require.
In summary of the relevant charter provisions, it appears clear that the government of the City of Miramar is divided into two separate departments, legislative and executive, with the mayor constituting the executive department. As chief executive officer, the mayor cannot lawfully exercise any powers appertaining to the legislative department except in cases expressly provided for in the charter. In other words, the mayor has no vote on any resolution or ordinance except in the case expressly spelled out in the charter, i.e., when there is an absence or disability of one councilman and a tie vote results among the remaining four councilmen. Generally, all powers of the City of Miramar (except those vested in the mayor) are vested in the city commission, the legislative department of city government. The presence of the mayor at city council meetings does not count for purposes of establishing a quorum although it is his duty to attend all meetings of the city council. He has general supervisory duties and power over all city affairs and officers, except councilmen, and may communicate to the city council such information or recommendations as he deems proper. Based upon all of the foregoing and the absence of a provision in the charter which makes the mayor a member of the legislative department of city government, I am compelled to conclude that the Mayor of the City of Miramar does not constitute a member of the governing body of said municipality and is therefore not subject to the recall provisions of s 100.361, F.S. Your first question is therefore answered in the negative.
Question Two
Having determined that the mayor in this particular instance, and generally the mayor of any municipal government structured in such a manner that the mayor does not constitute a member of the governing body of the municipality, is not subject to the recall provisions of s 100.361, F.S., it must next be determined if there is any other method available for recall. Section 100.361(8), F.S., provides as follows:
 It is the intent of the Legislature that the recall procedures provided in this act shall be uniform statewide. Therefore, all municipal charter and special law provisions which are contrary to the provisions of this act are hereby repealed to the extent of this conflict. (e.s.)
The language quoted above clearly manifests a legislative intent to make uniform the recall provisions of all municipalities in this state insofar as the subject matter of recall proceedings isregulated by the statute. However, the statute should not be read as a prohibition of municipal regulation of matters which are not regulated by the statute. See, AGO 075-119. A subject matter not regulated by s 100.361 is the recall of a mayor who does not constitute a member of the governing body of the municipality. It therefore would seem to follow that any charter provision or ordinance of the municipality providing a method or procedure for recall of such a mayor would not be contrary to or in conflict with the provisions of s 100.361, which are silent in this regard. Thus, the method, if any, outlined in any charter provision or ordinance of the municipality is available for recall of a mayor who is not also a constituent member of the governing body of the municipality. If no method for recall by the electors of the municipality is set out, then none exists until amendment to the charter or passage of an ordinance providing for the same. See, however, s 7(c), Art. IV, State Const.; Part III, Ch. 112, F.S., relating, inter alia, to the suspension and removal from office of elected municipal officers.
In summary, a mayor who does not constitute a member of the governing body of a municipality is not subject to the recall provisions of s 100.361, F.S., which apply only to a `member of the governing body.' However, the method, if any, provided in the charter or an ordinance of the municipality would be available for recall of a mayor not a member of the governing body since such a charter provision or ordinance would not be contrary to or in conflict with the provisions of s 100.361, F.S., which are silent in this regard.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General